## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Cheryl Ackerman,** | Civ. No. 19-19526 (KM) |
| **Plaintiff,** | |
| **v.** | |
| **David Wolff,** **U.S. Trustee,** **Archer & Greiner, PC,** **Louis Galiano, DMD** | **OPINION** |
| **Defendants.** | |

This the latest in a series of actions and appeals from orders of the Bankruptcy Court in Case No. 17-7032 brought by the debtor, Cheryl Ackerman.[1] The nature of the appeal (DE 1) is not entirely clear. From the content of her papers, it seems that Ms. Ackerman, not for the first time, seeks to reopen her bankruptcy case and be awarded damages. Her notice of appeal consists of a two page document initially filed on September 17, 2019 in the Bankruptcy Court action as document number 260. Attached to her notice of

---

[1]     Ms. Ackerman has filed a number of actions or appeals relating to her bankruptcy case:

   17-cv-07040-KM ACKERMAN et al v. ARCHER & GREINER closed 04/20/18

   18-cv-08045-KM ACKERMAN v. WOLFF closed 08/21/18

   18-cv-11860-KM ACKERMAN v. WOLFE closed 04/11/19

   18-cv-09139-KM ACKERMAN v. WOLFF closed 08/21/18

   19-cv-4908-KM ACKERMAN v. WOLFF closed 04/09/19

   19-cv-19526-KM ACKERMAN v. WOLFF et al filed 10/30/19

   19-cv-21345-KM ACKERMAN v. WOLFF closed 12/30/19

   20-cv-00361-KM ACKERMAN et al v. WOLFF closed 01/27/20

   Most repetitively assert the same contentions and grievances. Also on this court's docket is *Ackerman v. NJ Bd. Of Med. Examiners,* Civ. No. 14-4029, closed 10/10/2014, a civil action unrelated to the bankruptcy.

appeal is a consent order in which she and the trustee exchange releases of claims, and she promises not to file any further motions or appeals, in return for the trustee's consent to allow a homestead exemption of $24,000 on a home which has now been sold at auction (the "Stipulation and Consent Order", DE 1 at 3)).

On March 1, 2020, Ms. Ackerman filed an emergency motion for damages. (DE 6) On March 11, 2020, I denied that motion for emergency relief. (DE 7)

Now before the Court is Ms. Ackerman's latest appeal. It is not entirely clear what order Ms. Ackerman is appealing from. Given the date of filing of this appeal, October 30, 2019, Ms. Ackerman may have intended to appeal the bankruptcy court's order, dated October 25, 2019, which denied her motion to reopen. Insofar as that may be the case, Ms. Ackerman's appeal will be denied.

In Civil No. 20-361, I entered an order stating, *inter alia,* the following:

> In the order now being appealed, Bankruptcy Judge Gambardella noted that Ms. Ackerman had already filed one motion to reopen the case, which was denied by order dated October 24, 2019. Ms. Ackerman then filed a second motion to reopen the bankruptcy case on December 12, 2019, but did not comply with the preconditions contained in the Order Placing Preconditions on the Filing of Any Future Motions. Because Ms. Ackerman had not complied with those preconditions, the bankruptcy court denied the second motion to reopen the bankruptcy case, in an order filed on December 18, 2019. (DE 1-1)
>
> On January 10, 2020, Ms. Ackerman filed this appeal from the December 18, 2019 order . . . On January 27, 2020, I dismissed the appeal for failure to comply with Fed. R. Bankr. P. 8003, in that Ms. Ackerman had failed to file a designation of the record. (DE 3) Now before the court is a motion to reopen the case (DE 4) . . . . .
>
> The motion to reopen the case does not remedy the defect that led to the earlier dismissal—*i.e.,* the failure to designate the bankruptcy court record—although it may be regarded as an attempt to do so. It may also have been intended as Ms. Ackerman's brief on the merits of the appeal.
>
> I will deny this motion, or appeal, *sua sponte,* on a number

of grounds.

First, nothing in it rebuts, or even addresses, the basis for Bankruptcy Judge Gambardella's order: namely, that Ms. Ackerman had not complied with the Order Placing Preconditions on the Filing of Any Future Motions

Second, there is an independent threshold bar. Ms. Ackerman's property was sold pursuant to an order of the bankruptcy court. On November 18, 2018, the trustee agreed to set aside from the proceeds an unclaimed homestead exemption of $24,000. In return, Ms. Ackerman agreed to the entry of a consent order that she refrain from filing further motions, appeals, adversary proceedings or complaints. (Copy at Civ. 18-11860 DE 20) The filings have nevertheless continued.

(Civ. No. 20-361, DE 6)

As in Civ. No. 20-361, Ms. Ackerman has failed to comply with Fed. R. Bankr. P. 8003. In the seven months since she filed the appeal, she has still not designated the bankruptcy court record or even identified the order she is appealing from.[2] Under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules. *See In re Richardson Indus. Contractors*, Inc., 189 F. App'x 93, 96 (3d Cir. 2006).

But even if these lapses were excusable, and they are not, I would dismiss this appeal. Ms. Ackerman, in return for a $24,000 homestead exemption she had never claimed, entered into a consent order in which she agreed that she would file no more appeals based on the facts presented here. Nevertheless, she has persisted with such filings.

In Civ. No. 20-361, I wrote the following, which is equally applicable here:

---

[2]     As noted above, the current submission does attach an order of the bankruptcy court in the form of the stipulated consent order agreed to by Ms. Ackerman. That order is dated November 8, 2018, so the appeal, filed on October 30, 2019, would not be even arguably timely. *See* Fed. R. Bankr. P. 8002 (appeal must be filed within 14 days after entry of order). I set aside, of course, the difficulties inherent in the concept of appealing from an order to which one has consented.

> [T]his motion asserts nothing new. Like prior filings in these
> related cases, this motion is a scattershot recital of grievances.
> These include the alleged bad faith filing of the bankruptcy, the
> invalidity of the liens on her home, alleged legal malpractice by the
> attorney defendant, dental malpractice, cardiac health issues, and
> other complaints. Both this Court and the bankruptcy court have
> dealt with these contentions on multiple occasions. My decision in
> two prior actions (18-11860 DE 21; 19-4908 DE 6) is emblematic.
> There, I considered and denied Ms. Ackerman's application and/or
> "emergency appeal" seeking to "reopen the BANKRUPTCY Matter."

(Civ. No. 20-361, DE 6)

For similar reasons, this, Ms. Ackerman's latest bankruptcy appeal (DE 1) is dismissed. An appropriate order accompanies this opinion.

Dated: July 10, 2020

/s/ Kevin McNulty

_____

**KEVIN MCNULTY**
**United States District Judge**

4